RECEIVED
FEB 1 6 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT C. MILLER | CIVIL ACTION NO. 05-1795 |
| versus | JUDGE STAGG |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

### Introduction

Robert C. Miller ("Plaintiff") filed an application for disability benefits due to depression and neck, back and knee pain. Plaintiff has a high school education and past work experience that includes employment as a sheet metal worker and as an oilfield roughneck. He was 52 years old when ALJ Charles Lindsay denied his claim. The Appeals Council denied review, and Plaintiff filed this civil action seeking the limited judicial review that is permitted by 42 U.S.C. § 405(g). Both parties filed written consent to have the undersigned magistrate judge decide the case, and the matter was automatically referred to the undersigned pursuant to the standing order of the district court governing social security cases. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

### Summary of the ALJ's Decision

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in

Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff was not engaged in substantial gainful activity since his alleged onset date (step one). He then turned to whether Plaintiff suffers from a "severe" impairment (step two) within the meaning of the regulations. The ALJ rejected a contention that depression was a severe impairment, but he found that Plaintiff did have such an impairment in the form of pain in his neck and back. The impairments were not deemed severe enough to meet or equal a listing (step three) that would require a finding of disability without regard to age, education or vocational factors.

The ALJ then reviewed the medical evidence and testimony. After assessing the relative weight of the evidence, he found that Plaintiff had the residual functional capacity ("RFC") to perform light work, reduced by (a) a requirement that Plaintiff must be able to sit or stand at his option and (b) a requirement that Plaintiff not be required to engage in repetitive or continuous squatting, bending, kneeling, crawling or climbing. That RFC was found to prevent Plaintiff from performing the demands of his past work (step four). The ALJ then turned to step five, whether Plaintiff had the ability to perform the demands of other jobs that exist in significant numbers in the national economy. A vocational expert identified three jobs (cashier, parking lot attendant and small product assembler) that Plaintiff could perform, and a finding of not disabled was entered at step five.

**Issues on Appeal**

Plaintiff lists three errors in this appeal: (1) the ALJ erred in rejecting the opinion of Dr. Max Stell, a treating physician; (2) the ALJ should have recognized depression as a

severe impairment, and (3) the ALJ should have considered Plaintiff's knee complaints.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Dr. Stell's Opinion**

Dr. Max Stell, a general practitioner and a treating physician, completed a medical source statement that suggested limitations greater than the RFC assessed by the ALJ. He indicated that Plaintiff could sit continuously for no more than 15 minutes and no more than 3 hours in a workday, could stand or walk for no more than 30 minutes at a time and no more than 3 hours in a workday, and could occasionally lift up to 10 pounds, but nothing heavier. He also drafted a letter that described Plaintiff's neck and back pain and concluded that Plaintiff would not be able to perform any work activities that would require any lifting, carrying or prolonged sitting." He added: "Basically it is my opinion that Mr. Miller is severely disabled and is not capable of performing any work activity at all." Tr. 201-05.

Plaintiff argues that the ALJ erred in not accepting that opinion. The ALJ acknowledged that the opinion of a treating physician is ordinarily favored absent good cause shown to the contrary. The ALJ then considered the factors set forth in 20 C.F.R. § 404.1527, such as support of the opinion from the other medical evidence and the specialization of the physicians. He compared Dr. Stell's opinion to the physician's actual treatment notes, and he also looked to the report of Dr. Sutton, a specialist in orthopedic surgery. Dr. Sutton examined Plaintiff and found several limitations but not to the degree suggested by Dr. Stell. The ALJ also noted that Dr. Nanda, a neurosurgeon, had seen no reason for surgery. The ALJ determined, after a reasoned analysis, that Dr. Stell's opinions were not controlling or persuasive. Tr. 19-22.

There is no reversible error on this point. First, Dr. Stell's conclusion that Plaintiff was disabled is of no special significance. A statement or conclusion by a treating physician that a claimant is disabled does not mean that the claimant is disabled for purposes of the Social Security Act; that legal conclusion is for the Commissioner to make. Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003). What is significant is the physician's medical findings and opinions about the claimant's health problems and the particular limitations (standing, reaching, lifting, etc.) they impose. It is the ALJ's duty to then decide whether those limitations render the claimant disabled within the meaning of the law.

The ALJ is also entitled to afford less, little or no weight to a treating physician's testimony if good cause is shown. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

The ALJ gave sound reasons for favoring the opinion of Dr. Sutton over Dr. Stell. Reasonable minds might differ, but the ALJ provided an objective and reasonable rationale for his decision that was consistent with Section 404.1527. Judicial interference is not warranted.

**Depression**

Plaintiff was seen by Dr. Cork at LSU-HSC in January 1999. Dr. Cork's examination and report focused on Plaintiff's physical complaints, but he noted in his review of systems that Plaintiff "has a history of depression since the back pain and the neck pain." Plaintiff was started on Elavil, an anti-depressant or anti-anxiety drug. Tr. 176-178. Dr. Cork saw Plaintiff two months later and reported that Plaintiff stated that "he is feeling very good with medications." The report made no mention of depression or mental health problems. Tr. 174. Other records mention a prescription for Elavil, but there is no evidence of any other form of mental health treatment or counseling. When Plaintiff completed paperwork in April 2000 in connection with his application for benefits, his list of medications did not include Elavil or other anti-depressant. Tr. 112. The ALJ asked Plaintiff at the hearing if he was seeing a psychiatrist, and Plaintiff said no. There was no other inquiry into mental health issues, and counsel for Plaintiff did not attempt to elicit any evidence on that issue. A Psychiatric Review Technique Form was completed by a state agency consultant in July 2000 and found "no medically determinable impairment." Tr. 187.

The ALJ observed these facts and determined that depression was not a severe impairment. Tr. 19. Plaintiff disagrees with that conclusion, but he has not pointed to any evidence to suggest that the depression was not remedied by medication, was more than a temporary issue, or that it was no more than a slight abnormality having such minimal effect that it would not be expected to interfere with the ability to work. That standard is the one required by Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985). The ALJ did not cite to Stone or the correct standard. Rather, he cited only the regulations that Stone held are too demanding. That often provides a basis for reversal. See Loza v. Apfel, 219 F.3d 378, 390-92 (5th Cir. 2000). But Plaintiff has not raised that specific issue on appeal, and his argument even invokes and relies upon the same regulatory standard cited by the ALJ. In any event, the evidence with respect to depression is so scant that the ALJ's failure to acknowledge the proper Stone standard is harmless under these circumstances. See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988) ( "Procedural perfection in administrative proceedings is not required.") and Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case). See also Palomo v. Barnhart, 154 Fed.Appx. 426, n. 13 (5th Cir. 2005). There is no reasonable basis to believe that the ALJ would have found the depression to be a severe impairment even under the more lenient standard, so judicial relief is not warranted.

**Knee Complaints**

Plaintiff complains that the ALJ failed to include his knee pain as a severe impairment. Plaintiff points to a note in Dr. Stell's records from March 2000 that Plaintiff exhibited "some pain and swelling in the right knee" and "trace effusion in the right knee" that was diagnosed as "probable meniscal injury." Tr. 179. Dr. Sutton's report from June 2000 does not include any reference to complaints by Plaintiff about knee problems, and his notes of examination and his impressions do not suggest a specific knee impairment. Dr. Sutton did, however, say that Plaintiff was not physically qualified for repetitive squatting, bending, kneeling, etc. Tr. 185-86. Plaintiff did not testify at the hearing about any particular knee problems.

The ALJ did not specifically discuss any knee-related impairment in his written decision. Plaintiff now argues that was error, but Plaintiff has not pointed to any *restriction* of function that his asserted knee problem would impose that is not already reflected in the RFC assessed by the ALJ. The RFC includes an inability to perform repetitive or continuous squatting, bending, kneeling, etc. The vague and limited evidence of a knee impairment likely did not require particular discussion by the ALJ. Assuming that a discussion was warranted, its omission was harmless error under the circumstances.

No reversible error has been found in any of Plaintiff's issues raised on appeal, so a judgment will be entered affirming the Commissioner's decision.

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 16th day of February, 2007.

                                                MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE